UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X          DOCKET NO.    _____
BATISTA FOOD SHOP CORP.,

                                                Plaintiff(s),

                    -against-                                                            **COMPLAINT**

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,
                                                Defendant(s)
----------------------------------------------------------------X

**THE PLAINTIFF, BATISTA FOOD SHOP CORP.**, by their attorneys, Benjamin

Sharav and Victor J. Molina, as and for its Complaint herein, allege the following:

### SUMMARY OF CLAIMS

1.      This action seeks a de novo judicial review challenging the disqualification from

the Food Stamps Program by the United States Department of Agriculture. See Ai Hoa

Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987); see also 7

C.F.R. § 279.7(a) and a stay of disqualification pending resolution of this matter. The Order

for which review is denoted "Final Agency Decision" and was dated March 3, 2026,  and

delivered after that date, by the U.S.D.A., Food and Nutrition Service Administrative Review

Branch in Alexandria, Virginia, Case Number: C0297217, captioned BATISTA FOOD SHOP

CORP., Appellant, v. FNS Retailer Operations Division, Respondent, and delivered after that

date.

2.      A retail food store disqualified or fined under the Food Stamp Act may bring an

action for judicial review challenging the penalty by filing a complaint against the United

States in federal district court within 30 days of receipt of the decision. See 7 C.F.R. §

279.7(a). The 30-day period runs through April 2, 2026.

3.      The district court shall determine the validity of the penalty in a trial *de novo*. See 7 C.F.R. § 279.7(c).

## JURISDICTION AND VENUE

4.      This action arises under 7 C.F.R. § 279.7.

5.      This court has original jurisdiction over this action under 7 C.F.R. § 279.7(a). Venue is properly established in the Southern District of New York pursuant to 7 C.F.R. § 279.7(a) as an aggrieved party may obtain judicial review of a determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business. Here, both BATISTA FOOD SHOP CORP.  and Maciel Ramirez are residents within the jurisdiction of the U.S. Southern District of New York.

## PARTIES

6.      Plaintiff BATISTA FOOD SHOP CORP. is a New York corporation with principal place of business 7 Hillside Avenue, New York, NY 10040. The United States allows suits against the United States in the U.S. district court for the district in which the owner resides or is engaged in business under 7 C.F.R. § 279.7(a).

## FACTUAL BACKGROUND

7.      Maciel Ramirez is the sole officer and president of the corporation, BATISTA FOOD SHOP CORP. As president and chief corporate officer Maciel Ramirez is fully vested with the actual powers to bind the company in this action.

8.      BATISTA FOOD SHOP CORP. denies the allegations raised by the United States Department of Agriculture, against the retailer. The chronology of events pertaining to the U.S.D.A.'s administrative action against the retailer are not in dispute. The U.S.D.A. Food and Nutrition Service, Field Office, issued a Charging Letter dated July 14, 2025, whereby the

Department charged BATISTA FOOD SHOP CORP. with misuse of SNAP benefits in violation of 7 C.F.R. 278.2(a) of the Supplemental Nutrition Assistance Program ("SNAP") regulations.

9. It is important to note that the agency did not charge the defendants with trafficking in violation of 7 C.F.R. 278.6(e)(1).

10. Maciel Ramirez and BATISTA FOOD SHOP CORP. promptly denied the allegations raised and applied for a hardship civil money penalty (CMP), in lieu of any suspension or disqualification, pursuant to Section 278.6(f)(1) of the Regulations in a correspondence sent on or about July 28, 2025, to the U.S.D.A. Field Office.

11. Attached to the letter were records of SNAP training sessions attended by employees. FNS Retailer Operations Division acknowledged receipt of Plaintiff's Reply.

12. In a letter dated October 3, 2025, the FNS notified Plaintiff that it had determined that violations had occurred at the establishment, and that a six-month period of disqualification from participating in SNAP was warranted.

13. By email dated June 23, 2025, Appellant, through its representative, requested an administrative review of the Retailer Operations Division's determination.

14. The Disqualification letter also stated that Plaintiff was ineligible for a hardship CMP.

15. In a decision denoted "Final Agency Decision," dated March 3, 2026, and delivered after that date,  the U.S.D.A., Food and Nutrition Service Administrative Review Branch in Alexandria, Virginia, sustained the decision of the Field Office imposing a six-month disqualification of BATISTA FOOD SHOP CORP. from participating in the SNAP Program. BATISTA FOOD SHOP CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

19.     The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). The 30-day period runs through April 2, 2026.

### THE DECISION IS BASED ON ERRONEOUS FINDINGS
### AND AN ABSENCE OF FACTS

20.     The Final Agency Decision states that "Retailer Operations Division charged the Appellant firm with accepting SNAP benefits in exchange for merchandise which included common ineligible non-food items in violation of 7 CFR § 278.2(a)."

21.     The reports cited in the Decision are deficient in that they fail to clearly establish that any ineligible items were sold in exchange for SNAP benefits. There were three instances between April 4, 2025 and April 9, 2025 in which investigators from the FNS Department visited the store as part of their undercover "sting" operation. FNS alleges that in one of those visits there were violations warrant a disqualification period of 6 months. The Department provides a "Report of Positive Investigation" from an "Investigator" whose name is redacted. Not only is the investigator's identity redacted, but the Report does not show evidence of any signature.

22.     The investigator acknowledges that he attempted to obtain cash from the store in exchange for SNAP benefits, but he was rebuffed by the store clerk.

23.     FNS also redacted the name of the investigator and even the time of day when the purchases were made, making it difficult for the respondent (the plaintiff herein) to track down the transactions for his response.

24.     Plaintiff respectfully submits that that raised questions about the accuracy of the investigation and the report. The U.S.D.A. is the party with access to the E.B.T. records and the U.S.D.A. certainly could have provided evidence of the amount—if any—that plaintiff allegedly charged for these ineligible items. The absence of an indication of the price paid leaves it completely unclear whether the item was charged to the E.B.T. account at all.

25.    BATISTA FOOD SHOP CORP. has exhausted its administrative appeals and now seeks a de novo judicial review challenging the disqualification from the Food Stamps Program by the United States Department of Agriculture.

26.    The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance 7 C.F.R. § 279.7(a). This complaint and Order to Show Cause are filed within that deadline.


**WHEREFORE**, the plaintiffs request that the Court grant the following relief:

1.    That the Court stay the disqualification of Plaintiffs from the SNAP program pending a hearing on this matter.

2.    That the Court grant a de novo judicial review challenging the disqualification of Plaintiffs from the SNAP Program by the United States Department of Agriculture as under the Food Stamp Act, the validity of the administrative decision is reviewed de novo (7 C.F.R.§ 279.7(c); see also Ai Hoa Supermarket, Inc. v. United States, 657 F. Supp. 1207, 1208 (S.D.N.Y. 1987).

3.    Grant such and other relief as the Court may deem proper.


Dated:  New York, New York
       March 31, 2026

Benjamin Sharav
BS-8536
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

BATISTA FOOD SHOP CORP,

                            Plaintiffs,

           -against-

UNITED STATES OF AMERICA and UNITED
STATES DEPARTMENT OF AGRICULTURE,

                        Defendant(s)
-------------------------------------------------------------------X

DOCKET NO. _____

**VERIFICATION**


STATE OF NEW YORK    }

                        }SS:

COUNTY OF BRONX    }


MACIEL RAMIREZ, being duly sworn, deposes and states:

1.      I am the President of Batista Food Shop Corp., the entity plaintiff, in this action.

2.      I have read the within complaint and prepared by my attorney and know the contents thereof.

3.      The contents are true to my knowledge, except as to those matters therein stated be on information and belief, and as to those matters, I believe them to be true.


Dated: Bronx, N.Y.

       March 29
_____, 2026

                                                             _____

                                        BATISTA FOOD SHOP CORP by
                                        MACIEL RAMIREZ,
                                         SOLE MANAGING MEMBER


Subscribed and sworn to before me on

_____ _____ , 2026

         NOTARY PUBLIC

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISRTICT OF NEW YORK

-----------------------------------------------------------X

BATISTA FOOD SHOP CORP.,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,

Defendant

-----------------------------------------------------------X

DOCKET NO.    _____

**COMPLAINT**

Benjamin Sharav
Law Office of VICTOR J. MOLINA
VJM-1741
Attorney for Plaintiffs
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

To:  United States of America
c/o Attorney General, U.S.
Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530

United States Department of Agriculture
Food and Nutrition Service
Administrative Review Branch
1320 Braddock Place
Alexandria, VA 22314